**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAMES BAKER,

Plaintiff,

-v- 3:26-CV-1257 (AJB/CBF)

JOSEPH CAWLEY *et al.*,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

JAMES BAKER
Plaintiff, Pro Se
26-B-1015
Auburn Correctional Facility
P.O. Box

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On June 18, 2026, *pro se* plaintiff James Baker ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action against defendants Joseph Cawley, a Broome County Court Judge, and Maria Tambascio[1], a probation officer, alleging that thieves burgled his home while he was being held in local custody and that these defendants nevertheless forced him to remain on home confinement at that location even though it was not suitable for human habitation. *See* Dkt. No. 1. Along with his complaint, plaintiff also moved for leave to proceed *in forma pauperis* ("IFP

---

[1] This spelling differs from the original iteration in the pleading. The Court follows Judge Freedman's lead.

Application"), Dkt. Nos. 2, 3, and moved for the appointment of counsel, Dkt. No. 4. Soon thereafter, plaintiff also filed a letter seeking information about amending his complaint. Dkt. No. 7.

On August 7, 2026, U.S. Magistrate Judge Carla B. Freedman entered a text order in which she acknowledged that the Court had received plaintiff's motion for the appointment of counsel and his letter seeking information about amending his pleading. Dkt. No. 8. Judge Freedman explained to plaintiff that she would address those submissions *after* she ruled on his still-pending IFP Application. *Id.*

Plaintiff did not wait for Judge Freedman to act. Instead, he filed *two* amended pleadings: first, he filed an amended complaint on August 10, 2026, Dkt. No. 9, and three weeks later, he filed a second amended complaint on August 28, 2026, Dkt. No. 10. Plaintiff's second amended complaint, which the Court considers the operative pleading in this action, restates his claims against Judge Cawley and Tambascio and adds as defendants the State of New York, the Broome County Probation Department, and Nathan Shwartzman, the Broome County Public Defender. *Id.*

On September 28, 2026, Judge Freedman granted plaintiff's IFP Application, Dkt. No. 12, and, after conducting an initial review of the second amended complaint, advised by Report & Recommendation that the pleading be dismissed with partial leave to amend. Dkt. No. 14. Judge Freedman further advised that plaintiff's motion for the appointment of counsel be denied without prejudice. *Id.*

In that R&R, Judge Freedman explained that plaintiff's claims against the State of New York and Broome County Court Judge Cawley should be dismissed *without* leave to amend because those defendants were immune from suit for various reasons. Dkt. No. 14. However, Judge Freedman concluded that plaintiff's claims against the Broome County Probation Department (part

of Broome County), Broome County Probation Officer Maria Tambascio, and Broome County Public Defender Nathan Shwartzman should be dismissed *with* leave to amend. *Id.*

Plaintiff has lodged objections. Dkt. No. 17. There, he pre-emptively complains that he has not been given "a fair opportunity to respond" to the R&R because of mail delays. *Id.* On the merits of the R&R, plaintiff reiterates his allegations that Broome County Probation Officer Maria Tambascio forced him to remain on home confinement in an unsuitable living situation. *Id.* Much as he did when Judge Freedman informed him that he that he needed to wait for a ruling, plaintiff has also gone ahead and filed a third amended complaint instead of waiting for the Court to act on the R&R. Dkt. No. 18.

First, plaintiff is *pro se* and incarcerated, so the Court construes his objections as timely filed. Upon *de novo* review of those objections, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C). To the extent plaintiff's objections reiterate his allegations of misconduct against defendant Tambascio, the Court notes that the objections do not provide any basis on which to modify or reject the R&R's conclusion that plaintiff's claims against her be dismissed with leave to amend. So plaintiff may still attempt to plausibly allege his claims against her.

Second, as noted *supra*, plaintiff has already filed a third amended complaint. Dkt. No. 18. But because he has been granted leave to proceed IFP, plaintiff's third amended complaint must wait for an initial review before Judge Freedman. *See* 28 U.S.C. § 1915. The Court will refer the latest pleading to her for that purpose, and for any other action she deems necessary.

Third, and finally, plaintiff is cautioned that there can be only one operative pleading at a time. Seriatim filings (such as plaintiff's decision to file his amended complaint and then his second amended complaint, both after being instructed by Judge Freedman to wait for a ruling on his motion for IFP status first) lead to nothing but confusion and delay. Plaintiff is advised that

the next step is for Judge Freedman to conduct a review of the third amended complaint. She will either issue an order directing service of the pleading or issue another R&R, at which time plaintiff will have a further opportunity to object.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 14) is ACCEPTED;

2. Plaintiff's (Dkt. No. 4) motion to appoint counsel is DENIED;

3. Plaintiff's (Dkt. No. 7) letter is DENIED as moot in light of the amended pleadings;

4. Plaintiff's (Dkt. No. 10) second amended complaint is DISMISSED with partial leave to amend as set forth above; and

5. Plaintiff's (Dkt. No. 18) third amended complaint is REFERRED to Judge Freedman for further action as appropriate.

The Clerk of the Court is directed to terminate the pending motions and refer the file accordingly.

**IT IS SO ORDERED.**

Dated: October 23, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge